[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays have expired. Plaintiff initiated this action. She and the defendant intermarried at Colchester, Connecticut on September 18, 1999. She has been residing continuously in Connecticut for 12 months preceding the filing of this complaint. There are no minor children issue of the marriage. Neither plaintiff or defendant has received state or municipal assistance. The marriage of the parties has broken down irretrievably without any hope for reconciliation.
During her testimony, plaintiff claimed that the marriage broke down irretrievably because of defendant's lack of truthfulness regarding his educational achievements; his employment earnings, and his social activities with other males. Defendant testified that the marriage broke CT Page 7535 down because of plaintiffs insatiable appetite for spending. The defendant claimed that he had completed the educational requirements for graduation from ECSU, but was denied graduation because of financial issues with the university. He later admitted that he needed more credits to qualify for graduation. Defendant further advised plaintiff that he was earning $900.00 per week, when he was only earning slightly in excess of $400.00 per week. Defendant further denied any bi-sexual tendencies, but the evidence indicated e-mail and telephone contact between defendant and other gay males.
With regard to defendant's allegations that plaintiff was spending too much, it is obvious that during the relatively brief period of this marriage, a substantial amount of debt was incurred. Plaintiff worked full-time throughout the marriage while the defendant did not. Accordingly, the court concludes that defendant's lack of contribution of earnings was a factor in creating this debt.
The marital residence at 35 Rita Drive, Lebanon, Connecticut, was acquired by the parties June 3, 1999 for the purchase price of $66,000.00. The defendant quit-claimed his interest in said real estate to the plaintiff on January 29, 2002 in exchange for plaintiff assuming responsibility for the joint marital debt. At that time, the mortgage payments on the marital residence were in arrears and foreclosure action had been instituted. On April 2, 2002, plaintiff had the mortgage reinstated by paying $10,374.54 to cover all arrearage payments plus all the expenses of the foreclosure action.
Plaintiff wants to retain ownership of the real estate. Defendant requested that the real estate be sold and that the net proceeds be divided equally. Defendant testified concerning an offer to purchase the property at 35 Rita Drive for $105,000.00, but that offer was from defendant's parents who failed to testify as to whether this was a bona fide offer with the financial ability to consummate the purchase. With this lack of evidence, the court cannot find that this was a bona fide offer.
Further, the court finds that from the time of the initial purchase, and during the time of the marriage, and the reinstatement of the mortgage after foreclosure proceedings were commenced, the plaintiff made most of the contribution for the maintenance of the real estate.
The court finds that the marriage is broken down irretrievably without any hope for reconciliation. The credibility of witnesses is to be determined by the trier, and having heard the evidence, the court concludes tat the defendant's overall conduct was the primary cause of the breakdown of the marriage. Accordingly, a decree dissolving the CT Page 7536 marriage is entered.
It is hereby ordered that:
1. PERSONAL PROPERTY
The parties shall each keep the personal property presently in her or his possession with the exception of certain items that were submitted to binding arbitration.
2. REAL ESTATE
The plaintiff shall have all right, title and interest in and to the marital residence at 35 Rita Drive, Lebanon, Connecticut. The plaintiff shall pay and hold the defendant harmless from any liability on the mortgage, taxes and insurance.
3. DEBTS
Plaintiff shall be responsible for all debt in her name only, and shall also be responsible for payment of all jointly held marital debt, which is in excess of $20,000.00. Plaintiff is to hold defendant harmless from any of the aforesaid debts. Defendant shall be responsible for the debts only in his name.
4. ALIMONY
No alimony is awarded to either party.
 ___________________ J.H. Goldberg, JTR